IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| GEORGE HARTWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:16-cv-00094 (TSE/TCB) |
| | ) | |
| CACI-WGI, INC., *et al*. | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT CACI-WGI, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

For over 50 years, CACI International Inc and its subsidiaries (collectively "CACI") have served our Nation's defense and intelligence communities, delivering mission-critical capabilities and support, working alongside our soldiers serving domestically and overseas.

Veterans and Reservists add tremendous value to any organization, but their talent, experience, and commitment make them particularly well-suited for CACI. That is why nearly one in four CACI employees is either a current Reserve or former Service member. CACI employs military veterans, Reservists and military spouses at every level of the organization, from staff to senior leadership.

CACI's military hiring and development efforts are continually recognized as a triple win: providing veterans with rewarding careers while the Company and its customers benefit from their proven leadership, values, and work ethic. In fact, CACI has been repeatedly recognized as one of the Nation's "Most Influential Companies in Veteran Hiring" by *Profiles in Diversity*, as a "Top Military-Friendly Employer" by *G.I. Jobs Magazine*, one of the country's "Most Valuable Employers for Military" by *CivilianJobs.com*, ranked number nine nationally on the *Military Times* "Best for Vets" rankings, and as one of the "Top 15 Employers for Veterans" by *Forbes* magazine. CACI received the 2015 "Excellence in Partnership Award" for "Best

Veteran Hiring - Continuing the Commitment" from the Coalition for Government Procurement, and it was recognized by Virginia Governor McAuliffe for its participation in the Virginia Values Veterans Program.

Notwithstanding CACI's unwavering commitment to the military, our Veterans, and our Reservists, Plaintiff George Hartwell – an employee of a subcontractor to CACI – has brought this action accusing Defendant CACI-WGI, Inc. ("CACI-WGI" or "Defendant"), a subsidiary of CACI International Inc, of violating his rights as a Naval Reservist under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  Like its parent company, CACI-WGI employs Veterans at every level, with more than 75% of its employees identifying as Veterans.  Plaintiff's claims are outrageous, baseless and offensive, and CACI looks forward to clearing its good name in this action.

By and through its undersigned counsel, CACI-WGI hereby answers the allegations of Plaintiff George Hartwell's Complaint as follows:

## PARTIES

1. Upon information and belief, CACI-WGI admits the allegations set forth in paragraph 1 of the Complaint.

2. CACI-WGI admits that it is a Delaware corporation and that CACI International Inc is the ultimate parent company of CACI-WGI, Inc.  CACI-WGI denies the remaining allegations set forth in paragraph 2 of the Complaint.

3. CACI-WGI admits only that it provides strategic planning, operation and training support, intelligence analysis, program management support and strategic communication services for various government customers.  CACI-WGI denies the remaining allegations set forth in paragraph 3 of the Complaint.

4. CACI-WGI admits that it has a contract with Perception IR Special Services, LLC ("Perception IR") for the provision of various services in the Commonwealth of Virginia. Upon information and belief, Perception IR maintains its principal place of business in Florida. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 4 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

5. CACI-WGI admits that this Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3). CACI-WGI denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. CACI-WGI admits that venue is proper in this Court pursuant to 38 U.S.C. § 4323(c)(2). CACI-WGI admits that it maintains its principal place of business in Arlington, Virginia. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 6 of the Complaint, and therefore denies them.

## FACTS COMMON TO ALL COUNTS

7. CACI-WGI admits that Plaintiff was hired by Perception IR, and that Perception IR assigned Plaintiff to perform work under Perception IR's subcontract with CACI-WGI as a Special Operations Forces Operations Integrator under a contract with a U.S. government agency. CACI-WGI denies that Plaintiff performed work under a contract with the United States Army. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

8. CACI-WGI admits only that it oversaw Plaintiff's work and that Plaintiff was supervised by CACI-WGI project managers under the terms of the subcontract between

Perception IR and CACI-WGI. CACI-WGI denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

11. CACI-WGI denies that Plaintiff performed his duties under the contract between CACI-WGI and Perception IR in either an "outstanding" or "excellent" manner. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

12. CACI-WGI denies the allegations set forth in paragraph 12 of the Complaint.

13. CACI-WGI admits only that it won the rebid of the JIDA contract in 2014. CACI-WGI denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. CACI-WGI denies the allegations set forth in paragraph 14 of the Complaint.

15. Upon information and belief, CACI-WGI admits the allegations set forth in paragraph 15 of the Complaint.

16. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

17. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

18. CACI-WGI denies that Plaintiff notified Mark Haselton, or any CACI-WGI manager, that he had received notification that he was required to attend training for two weeks in December 2014. CACI-WGI lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

19. CACI-WGI denies the allegations set forth in paragraph 19 of the Complaint.

20. CACI-WGI denies the allegations set forth in paragraph 20 of the Complaint.

21. CACI-WGI admits only that, on or around December 8, 2014, Plaintiff left his post without notice to, or travel authorization from, CACI-WGI.  CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

22. CACI-WGI admits only that Mark Haselton, Tim Froemke and Eric Sims notified Plaintiff that CACI-WGI was requesting that he be removed from the contract between CACI-WGI and Perception IR, effective a few weeks after his return from Reserve Training.  CACI-WGI denies the remaining allegations set forth in paragraph 22 of the Complaint.

23. CACI-WGI denies the allegations set forth in paragraph 23 of the Complaint.

24. CACI-WGI denies that Plaintiff was "unlawful[ly] discharged."  CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 24 of the Complaint..

25. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

26. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies them.

27. CACI-WGI denies the allegations set forth in paragraph 27 of the Complaint.

28. CACI-WGI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies them.

29. CACI-WGI denies the allegations set forth in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response may be required, the allegations of paragraph 30 of the Complaint are denied.

31. CACI-WGI denies the allegations set forth in paragraph 31 of the Complaint.

### COUNT I
### VIOLATION OF USERRA 38 U.S.C.A. §§4301-4335

32. CACI-WGI admits the allegations set forth in paragraph 32 of the Complaint.

33. Upon information and belief, CACI-WGI admits the allegations set forth in paragraph 33 of the Complaint.

34. CACI-WGI denies the allegations set forth in paragraph 34 of the Complaint.

35. CACI-WGI denies the allegations set forth in paragraph 35 of the Complaint.

36. CACI-WGI denies the allegations set forth in paragraph 36 of the Complaint.

37. CACI-WGI denies that Plaintiff is entitled to any relief, including the relief sought in the "Wherefore" clause of the Complaint.

### AFFIRMATIVE AND GENERAL DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. At all times relevant to the Complaint, Plaintiff was employed by Perception IR, not CACI-WGI.

3. Plaintiff was at all relevant times an at-will employee of Perception IR whose employment could be terminated at any time, with or without cause, and with or without notice.

4. CACI-WGI requested the removal of Plaintiff from its contract with Perception IR for legitimate, non-discriminatory reasons, in accordance with the terms of its contract with Perception IR.

5. CACI-WGI did not unlawfully terminate Plaintiff.

6. Plaintiff did not ever seek to be employed or reemployed by CACI-WGI.

7. Plaintiff failed to provide either CACI-WGI or Perception IR notice of his need for a leave of absence to engage in Reserve training,

8. Plaintiff did not notify his employer of his intent to return to a position of employment with his employer.

9. CACI-WGI did not refuse to reemploy Plaintiff.

10. Upon information and belief, Plaintiff voluntarily resigned his employment with Perception IR.

11. Plaintiff's claims may be barred by the doctrines of laches, waiver, unclean hands, and/or estoppel.

12. Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of CACI-WGI, upon information and belief, Plaintiff failed to reasonably mitigate his damages, if any.

13. Plaintiff's own actions were the proximate cause of any injury he alleges to have suffered.

14. No injury to Plaintiff was proximately caused by any action or inaction attributable to CACI-WGI.

15. CACI-WGI's treatment of Plaintiff was in good faith and, accordingly, punitive and liquidated damages are not available.

16. CACI-WGI denies that it willfully violated USERRA, and, accordingly, liquidated damages are not available.

17. Plaintiff cannot demonstrate that any adverse employment action was taken against him by CACI-WGI because of any acts protected by USERRA.

18. Compensatory, emotional distress damages, and punitive damages are not available as remedies under USERRA.

19. Plaintiff's demand for liquidated damages under USERRA are limited by 38 U.S.C. § 4323(d).

20. Plaintiff is not entitled to an award of attorneys' fees under 38 U.S.C. § 4323(h)(2).

21. Plaintiff's claims may be barred or limited under the doctrine of after-acquired evidence.

22. CACI-WGI reserves the right to respond and/or assert additional defenses if such become evident through discovery or investigation

WHEREFORE, Defendant CACI-WGI, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint, in its entirety, with prejudice and award CACI-WGI its costs, attorneys' fees, and such other relief as this Court may deem appropriate.

Respectfully submitted,

Dated: April 18, 2016          CACI-WGI, INC.
         By Counsel,


*/s/ Carolyn Due*
Carolyn Due (VSB #79585)
cdue@saul.com
Henry A. Platt
(*Application for Admission Pro Hac Vice Pending*)
hplatt@saul.com
Saul Ewing LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006-3434
Tel: (202) 333-8800
Fax: (202) 295-6776

*Attorneys for Defendant CACI-WGI, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 18th day of April, 2016, I electronically filed the foregoing **DEFENDANT'S CACI-WGI, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Patrick J. Kearney
Selzer Gurvitch Rabin Wertheimer Polott & Obecny, PC
4416 East West Hwy, Suite 400
Bethesda, MD 20814
*Counsel for Plaintiff*

               */s/ Carolyn Due*
               Carolyn Due (VSB #79585)
               Saul Ewing LLP
               1919 Pennsylvania Avenue, NW, Suite 550
               Washington, D.C. 20006-3434
               Tel: (202) 295-6613
               Fax: (202) 295-6713
               cdue@saul.com

               *Attorneys for Defendant CACI-WGI, Inc.*